UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLENDA NISSEN,<br><br>               Plaintiff,<br><br>   v.<br><br>MARK LINDQUIST, et al.,<br><br>               Defendants. | CASE NO. C16-5093 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Mark Lindquist, Mark and Chelsea Lindquist, and Pierce County's ("Defendants") motion to dismiss (Dkt. 9). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 1, 2016, Plaintiff Glenda Nissen ("Nissen") filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. A ("Comp."). Nissen asserts causes of action for violations of her constitutional rights, abuse of process, invasion of privacy, constructive discharge, outrage, violations of

1  Washington Law Against Discrimination, RCW Chapter 49.60 ("WLAD"), and breach of
2  contract. *Id*.

3  On February 5, 2016, Defendants removed the matter to this Court. Dkt. 1.

4  On February 22, 2016, Defendants filed a motion to dismiss. Dkt. 9. On March
5  14, 2016, Nissen responded. Dkt. 11. On March 18, 2016, Defendants replied. Dkt. 12.

## II. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, Defendants argue that Nissen has failed to state valid claims for relief. The Court agrees. Although Nissen's complaint contains numerous allegations, Comp. ¶¶ 5.1–5.166, Nissen fails to connect valid factual allegations with the elements of her claims. For example, Nissen's due process claim reads as follows: "Defendants fabricated 'Brady' material and then refused to share it with Det. Nissen. Defendants denied Nissen all due process." *Id*., ¶ 6.8. While denial of due process is a cognizable

legal theory, Nissen fails to allege sufficient facts under such a theory and resorts to labels and conclusions. Therefore, Defendants have shown that they are entitled to dismissal of the complaint.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Nissen requests leave to amend (Dkt. 11 at 24) while Defendants oppose the request (Dkt. 12 at 13). Defendants, however, fail to show that they are able to comprehend Nissen's claims to the extent that any amendment would be futile. Because the Court is unable to determine what factual allegations form the basis of each claim, the Court is unable to determine that any amendment would be futile. Therefore, the Court grants Nissen leave to amend.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 9) is **GRANTED** and Nissen is **GRANTED** leave to amend. Nissen shall file an amended complaint no later than April 29, 2016.

Dated this 20th day of April, 2016.

BENJAMIN H. SETTLE
United States District Judge