UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLENDA NISSEN,

          Plaintiff,

   v.

MARK LINDQUIST, et al.,

          Defendants.

CASE NO. 16-5093BHS

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

This matter comes before the Court on Defendants Mark Lindquist, Mark and Chelsea Lindquist, and Pierce County's ("Defendants") motion for protective order or to stay discovery, pending decision on Defendants' motion to dismiss (Dkt. 13) and Plaintiff Glenda Nissen's ("Nissen") motion to compel (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 1, 2016, Nissen filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. A ("Comp."). Nissen asserts causes of action for violations of her constitutional rights, abuse of process, invasion of privacy, constructive discharge, outrage, violations of Washington Law Against Discrimination, RCW Chapter 49.60 ("WLAD"), and breach of contract. *Id*.

On February 5, 2016, Defendants removed the matter to this Court. Dkt. 1.

1    On February 22, 2016, Defendants filed a motion to dismiss. Dkt. 9. On April 20,

2  2016, the Court granted the motion to dismiss and granted Nissen leave to amend. Dkt.

3  18.

4    On April 14, 2016, Defendants filed the instant motion requesting in part that the

5  Court stay discovery until the issues of absolute and qualified immunity are determined.

6  Dkt. 13. On April 27, 2016, Ames responded. Dkt. 19. On April 29, 2016, Defendants

7  replied. Dkt. 21.

8    On April 20, 2016, Nissen filed a motion to compel Stewart Estes to produce

9  subpoenaed text message transcripts. Dkt. 16. On May 2, 2016, Defendants responded.

10 Dkt. 22. On May 6, 2016, Nissen replied. Dkt. 24.

11   On April 28, 2016, Nissen filed an amended complaint. Dkt. 20. On May 12,

12 2016, Defendants filed a motion to dismiss arguing in part the defenses of immunity.

13 Dkt. 25.

## II. DISCUSSION

15   "[T]he district court should resolve [the] threshold question [of qualified

16 immunity] before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598

17 (1998) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

18   Although Nissen attempts to distinguish this binding Supreme Court authority

19 (Dkt. 19 at 9–11), Nissen fails to show that this straight-forward and simple rule should

20 not be followed in this case. Thus, it appears that the Court should stay discovery

21 pending Defendants' motion to dismiss. Ames, however, argues that discovery should

22 proceed on the claims for injunctive relief and the state law claims. Dkt. 19.

1    "The purpose of [Fed. R. Civ. P.] 12(b)(6) is to enable defendants to challenge the

2  legal sufficiency of complaints without subjecting themselves to discovery." *Rutman*

3  *Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). "It is sounder

4  practice to determine whether there is any reasonable likelihood that plaintiffs can

5  construct a claim before forcing the parties to undergo the expense of discovery." *Id*.

6    In light of the immunity defenses as well as the fact that the Court has already

7  dismissed Nissen's complaint, the Court finds that it would be sounder procedure to

8  determine the scope of the case before permitting discovery. Both parties raise serious

9  issues and concerns, but there is no reason to enter into expensive and intrusive discovery

10 until the bounds of such discovery are more clearly delineated. Therefore, the Court

11 grants Defendants' motion to stay discovery.

## III. ORDER

13   Therefore, it is hereby **ORDERED** that Defendants' motion to stay discovery

14 pending decision on Defendants' motion to dismiss (Dkt. 13) is **GRANTED**. Discovery

15 is **STAYED** until the Court issues an order on Defendants' pending motion to dismiss

16 (Dkt. 25). The Clerk is directed to remove Nissen's motion to compel (Dkt. 16) from the

17 Court's calendar, and Nissen may renote the motion for consideration when the stay is

18 lifted.

19   Dated this 17th day of May, 2016.

21          BENJAMIN H. SETTLE
            United States District Judge