UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLENDA NISSEN,

        Plaintiff,

v.

MARK LINDQUIST, et al.,

        Defendants.

CASE NO. C16-5093 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART, REQUESTING ADDITIONAL BRIEFING, AND RENOTING MOTION

This matter comes before the Court on Defendants Mark Lindquist ("Lindquist"), Mark and Chelsea Lindquist, and Pierce County's ("County") (collectively, "Defendants") motion to dismiss (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On February 1, 2016, Plaintiff Glenda Nissen ("Nissen") filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Ex. A. Nissen asserted causes of action for violations of her constitutional rights, abuse of

ORDER - 1

process, invasion of privacy, constructive discharge, outrage, violations of Washington Law Against Discrimination, RCW Chapter 49.60 ("WLAD"), and breach of contract. *Id.*

On February 5, 2016, Defendants removed the matter to this Court. Dkt. 1.

On February 22, 2016, Defendants moved to dismiss. Dkt. 9. On April 20, 2016, the Court granted the motion and granted Nissen leave to amend. Dkt. 18.

On April 28, 2016, Nissen filed a first amended complaint ("FAC") asserting seven causes of action: (1) violations of her civil rights, including her First Amendment right to freedom of speech and her Fourteenth Amendment rights to procedural and substantive due process; (2) abuse of process; (3) invasion of privacy, false light; (4) constructive discharge; (5) outrage; (6) violations of the WLAD; and (7) breach of contract. Dkt. 20 ("FAC"). The FAC is 104 pages long and includes 76 pages of appendices. *Id.*

On May 12, 2106, Defendants moved to dismiss the FAC. Dkt. 25. On May 31, 2016, Nissen responded. Dkt. 27. On June 3, 2016, Defendants replied and moved to strike portions of Nissen's response. Dkt. 28.

## II. FACTUAL BACKGROUND

Due to the vast number of compound factual allegations in the FAC and the parties' failure to provide an objective recitation of the material factual allegations,[1] the

---

[1] Defendants have repeatedly failed to provide any recitation of the facts. Dkts. 9, 25. On the other hand, Nissen's recitation of the facts includes factual allegations, conclusory

Court provides the following summary of the allegations relevant to the current order. For reasons set forth below, the Court will only address allegations relevant to Nissen's First Amendment claims.

In 1997, the County hired Nissen as a deputy sheriff. FAC ¶ 2.1. In 2000, she was promoted to detective. *Id.* In 2010, Lindquist was elected as the County's Prosecuting Attorney. *Id.* ¶ 2.2. The relationship between Lindquist and Nissen started poorly and deteriorated from there. For example, on January 31, 2010, Nissen made disparaging comments about Lindquist to Lindquist's assistant. *Id.* ¶ 5.5. Nissen alleges that Lindquist "retaliated" against her by sending a letter of admonishment to Nissen's commander in the Sheriff's department. *Id.*

Although the remainder of the complaint reads like a novel involving an honest, hard-working detective and a vindictive prosecutor,[2] the complaint is missing one essential legal fact, which is that Lindquist is not and has never been Nissen's employer. *See id.* ¶¶ 5.6–5.166. Nissen, however, alleges that "Defendants have constructively discharged [her] and forced her into early retirement by January 2017."[3] *Id.* ¶ 5.165.

---

allegations, and conclusions of law such as "Defendants are liable to Nissen and must compensate her accordingly." Dkt. 27 at 9.

[2] Because this is the complaint, the stated factual allegations are only Nissen's side of the story.

[3] The Court has never encountered, nor has Nissen cited, any authority for a situation where an employee alleging constructive discharge has been successful when the employee remains employed.

ORDER - 3

## III. DISCUSSION

Defendants move to dismiss Nissen's entire complaint. Dkt. 25. However, based on the inadequate and non-conforming briefing, the Court will only address Nissen's First Amendment claim and requests additional briefing on the remaining issues.

### A. Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### B. First Amendment Retaliation

"In order to state a claim against a government employer for violation of the First Amendment, an employee must show (1) that he or she engaged in protected speech; (2) that the employer took 'adverse employment action'; and (3) that his or her speech was a 'substantial or motivating' factor for the adverse employment action." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). More importantly, in a case involving similar circumstances, the court concluded that the plaintiff's First Amendment claim

failed because the alleged adverse actions were not taken by the plaintiff's employer. *Monico v. City of Cornelius*, No. 03:13-CV-02129-HZ, 2015 WL 1538786, at *13 (D. Or. Apr. 6, 2015) ("[B]ecause the District Attorney's Office was not [the police officer's] employer, [the alleged retaliatory conduct] was not an adverse 'employment' action.").

In this case, Nissen fails to allege that Lindquist was her employer, an essential element of her First Amendment retaliation claim. Specifically, Nissen alleges that "Mark Lindquist took adverse employment action against her and Pierce County failed to act to protect her rights." FAC ¶ 6.56. But Lindquist is not her employer. In fact, the FAC alleges multiple times that the County is her employer. *See id.* ¶ 2.1 ("Pierce County hired Glenda Nissen in January of 1997 as a deputy sheriff."); *id.* ¶ 6.168 ("Defendants breached the terms and conditions of Nissen's employment with Pierce County."); *id.* ¶ 6.169 ("Pierce County has employed Nissen and Nissen has agreed to work for Pierce County pursuant to written contract terms."). Therefore, the Court grants Lindquist's motion to dismiss Nissen's First Amendment claims against Lindquist in his official capacity, individual capacity, and his marital community. The Court also grants dismissal with prejudice because the deficiencies may not be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

With regard to the County, the Court is unable to determine whether Nissen states a valid claim. While the complaint alleges Nissen was reassigned in 2015 and forced out of a position in 2016, FAC ¶ 2.1, Nissen has failed to cite and the Court is unable to determine whether these acts were adverse employment actions with a substantial or

motivating factor of Nissen's public speech. Therefore, the Court reserves ruling on this issue.

C.     **Additional Briefing**

In the companion case of *Ames v. Lindquist*, C16-5090-BHS, 2016 WL 3916995 (W.D. Wash. July 20, 2016), the Court granted Defendants' motion to strike and requested additional briefing. The same problems exist in this case, and the Court is forced to micromanage this motion to dismiss as well. Based on review of the complaint and the briefs, the Court concludes that the remaining federal claims can be sufficiently addressed in 24 pages. To be clear, the remaining federal claims are Nissen's First Amendment claim against the County and Fourteenth Amendment claim against Defendants. Once Nissen correlates factual allegations with each element of a valid legal claim, the Court will address the issues of immunity. If a factual allegation falls outside of the statute of limitations, Nissen shall specifically explain what tolling applies and how it applies. A general statement that common law tolling applies in this case will not suffice. *See* Dkt. 27 at 2 n.4.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 25) is **GRANTED in part** and Nissen's First Amendment claims against Lindquist in his official and individual capacity and against his marital community are **DISMISSED with prejudice.**

With regard to additional briefing, Nissen may file a supplemental response no longer than 24 pages, no later than August 22, 2016; Defendants may file a supplemental

reply no longer than 12 pages, no later than August 26, 2016; and the Clerk shall renote Defendants' motion for consideration on the Court's August 26, 2016 calendar. Footnotes may be used for citation purposes only. Any substantive material contained in a footnote will be ignored.

Dated this 11 day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge