UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLENDA NISSEN,

          Plaintiff,

    v.

MARK LINDQUIST, et al.,

          Defendants.

CASE NO. C16-5093 BHS

ORDER DENYING MOTION FOR RECONSDIERATION

This matter comes before the Court on Plaintiff Glenda Nissen's ("Nissen") motion for reconsideration (Dkt. 31).

On August 11, 2016, the Court granted in part Defendants Mark Lindquist ("Lindquist"), Mark and Chelsea Lindquist, and Pierce County's ("County") (collectively, "Defendants") motion to dismiss. Dkt. 31. On August 12, 2016, Nissen filed a motion for reconsideration requesting the Court reconsider the conclusion that Nissen's First Amendment claims fail against Lindquist because Lindquist is not and never was Nissen's employer. Dkt. 31.

Motions for reconsideration are governed by Local Rule 7(h), which provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

ORDER - 1

Local Rules, W.D. Wash. LCR 7(h)(1).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

First, the majority of the cases Nissen cites in her motion for reconsideration were not cited in her response. *See*, *e.g.*, *Broyles v. Thurston Cty.*, 147 Wn. App. 409 (2008) (not cited); *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999).  Nissen fails to provide any reason why these cases could not be brought to the Court's attention earlier with reasonable diligence.  Local Rules, W.D. Wash. LCR 7(h).  Thus, even if the cases were relevant, which is doubtful, Nissen has failed to meet her burden for reconsideration.

Second, Nissen argues that, because a party appears as a named defendant in the caption of an appellate decision, the plaintiff has established a valid constitutional claim.  Dkt. 31 at 2 n.2.  This argument is absolutely frivolous.

Third, the Court is well aware of the "cat's paw" theory and claims for conspiracy in public employment cases.  *See Martinez v. City of Vancouver*, C04-5539BHS (W.D. Wash).  Neither of these words, however, appear in Nissen's complaint or in her response.[1]  Moreover, even if Nissen pursued a "cat's paw" theory, the claim is against the cat, not the paw.  *Poland v. Chertoff*, 494 F.3d 1174, 1183 (9th Cir. 2007) ("the biased subordinate's retaliatory motive will be imputed to the employer if the subordinate

---

[1] Nissen does allege that Lindquist conspired to undermine her reputation in the community (Dkt. 20, ¶ 6.50), but in no stretch of the imagination could this be considered a conspiracy claim.  If Nissen wants to add a conspiracy claim, she must file the proper motion for leave to amend.

influenced, affected, or was involved in the adverse employment decision."). While Lindquist may be a witness with material information under such a claim, there is no legal precedent for including Lindquist and his marital community as parties. Therefore, Nissen's argument is frivolous.

Finally, Nissen argues that "a prosecutor may be liable for First Amendment employment retaliation even when the prosecutor works for another governmental agency, if the prosecutor meddles with the governmental employee's work." Dkt. 31 at 4 (citing *Botello v. Gammick*, 347 Fed. App'x 277 (9th Cir. 2009)). But, in *Botello*, the court held that the prosecutor was not entitled to absolute immunity, which doesn't necessarily mean that the plaintiff stated a valid claim. *Id*. at 279. Moreover, on remand, the district court held as follows: "Gammick, a public official who was not even Botello's employer, did not interfere with Botello's employment in any way so as to constitute an adverse employment action under the law in this Circuit." *Botello v. Gammick*, No. 3:03-CV00195RLH-VPC, 2010 WL 1856293, at *5 (D. Nev. Apr. 30, 2010).

Therefore, the Court **DENIES** Nissen's motion for reconsideration.

Dated this 18th day of August, 2016.

                                                BENJAMIN H. SETTLE
                                                United States District Judge