UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLENDA NISSEN,

    Plaintiff,

v.

MARK LINDQUIST, et al.,

    Defendants.

CASE NO. C16-5093 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART, REQUESTING ADDITIONAL BRIEFING, AND RENOTING MOTION

This matter comes before the Court on Defendants Mark Lindquist ("Lindquist"), Mark and Chelsea Lindquist, and Pierce County's ("County") (collectively, "Defendants") motion to dismiss (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On February 1, 2016, Plaintiff Glenda Nissen ("Nissen") filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Ex. A. Nissen asserted causes of action for violations of her constitutional rights, abuse of

process, invasion of privacy, constructive discharge, outrage, violations of Washington Law Against Discrimination, RCW Chapter 49.60 ("WLAD"), and breach of contract. *Id.*

On February 5, 2016, Defendants removed the matter to this Court. Dkt. 1.

On February 22, 2016, Defendants moved to dismiss. Dkt. 9. On April 20, 2016, the Court granted the motion and granted Nissen leave to amend. Dkt. 18.

On April 28, 2016, Nissen filed a first amended complaint ("FAC") asserting seven causes of action: (1) violations of her civil rights, including her First Amendment right to freedom of speech and her Fourteenth Amendment rights to procedural and substantive due process; (2) abuse of process; (3) invasion of privacy, false light; (4) constructive discharge; (5) outrage; (6) violations of the WLAD; and (7) breach of contract. Dkt. 20 ("FAC"). The FAC is 104 pages long and includes 76 pages of appendices. *Id.*

On May 12, 2106, Defendants moved to dismiss the FAC. Dkt. 25. On May 31, 2016, Nissen responded. Dkt. 27. On June 3, 2016, Defendants replied and moved to strike portions of Nissen's response. Dkt. 28.

On August 11, 2016, the Court granted Defendants motion in part and requested additional briefing. Dkt. 34. On August 12, 2016, Nissen filed a motion for reconsideration. Dkt. 31. On August 18, 2016, the Court denied Nissen's motion. Dkt. 33.

On August 22, 2016, Nissen filed a supplemental response. Dkt. 34. On August 26, 2016, Defendants filed a supplemental reply. Dkt. 35.

## II. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." *Id.* at 1321.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or

> which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id*. at 1321–23 (footnotes omitted).

In this case, Nissen's complaint fails in one degree or another to give Defendants, and the Court, adequate notice of the allegations supporting each federal cause of action. In fact, the only certainty the Court can obtain from the complaint is that Lindquist is not Nissen's employer. *See*, *e.g*., Dkt. 20, ¶ 6.169 ("Pierce County has employed Nissen and Nissen has agreed to work for Pierce County pursuant to written contract terms."). Nissen has stated allegations that appear to meet some elements of some causes of action. Nissen, however, has failed to assert allegations such that a clear factual allegation supports each element of each asserted claim. The Court has tried multiple times to separate the factual allegations from the conclusory statements in the complaint in order to assess whether Nissen has stated valid claims for relief. Absent guesswork, the Court is unable to piece the puzzle together. Accordingly, the Court grants Defendants' motion to dismiss Nissen's remaining federal claims.

Regarding Nissen's state law claims, they are more clearly articulated. Although Defendants may disagree with the merits of the allegations, it seems hard to dispute that Nissen has at least appeared to have provided a factual allegation for each element of some claims. Nissen fails to provide dates for statute of limitations concerns, but Defendants should be able ascertain what allegations support the claims. Regardless, the

Court requests additional briefing on the state law claims and will renote Defendants' motion one additional time before allowing Nissen leave to amend.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 25) is **GRANTED in part** and Nissen's First Amendment claims against the County and Fourteenth Amendment claims against Defendants are **DISMISSED without prejudice**.

With regard to additional briefing on the state law claims, Nissen may file a supplemental response no longer than 24 pages, no later than January 20, 2017; Defendants may file a supplemental reply no longer than 12 pages, no later than January 27, 2017; and the Clerk shall renote Defendants' motion for consideration on the Court's January 27, 2017 calendar. Footnotes may be used for citation purposes only. Any substantive material contained in a footnote will be ignored.

Dated this 3rd day of January, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge