UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GLENDA NISSEN,<br><br>                Plaintiff,<br><br>    v.<br><br>MARK LINDQUIST, et al.,<br><br>                Defendants. | CASE NO. C16-5093BHS<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This matter comes before the Court on Defendants Mark Lindquist ("Lindquist"), Mark and Chelsea Lindquist, and Pierce County's ("County") (collectively, "Defendants") motion to dismiss (Dkt. 25) and Plaintiff Glenda Nissen's ("Nissen") motion for leave to amend (Dkt. 39). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On February 1, 2016, Nissen filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Ex. A. Nissen asserted causes of action for violations of her constitutional rights, abuse of process, invasion of

privacy, constructive discharge, outrage, violations of Washington Law Against Discrimination, RCW Chapter 49.60 ("WLAD"), and breach of contract. *Id.*

On February 5, 2016, Defendants removed the matter to this Court. Dkt. 1.

On February 22, 2016, Defendants moved to dismiss. Dkt. 9. On April 20, 2016, the Court granted the motion and granted Nissen leave to amend. Dkt. 18.

On April 28, 2016, Nissen filed a first amended complaint ("FAC") asserting seven causes of action: (1) violations of her civil rights, including her First Amendment right to freedom of speech and her Fourteenth Amendment rights to procedural and substantive due process; (2) abuse of process; (3) invasion of privacy, false light; (4) constructive discharge; (5) outrage; (6) violations of the WLAD; and (7) breach of contract. Dkt. 20 ("FAC"). The FAC is 104 pages long and includes 76 pages of appendices. *Id.*

On May 12, 2106, Defendants moved to dismiss the FAC. Dkt. 25. On May 31, 2016, Nissen responded. Dkt. 27. On June 3, 2016, Defendants replied and moved to strike portions of Nissen's response. Dkt. 28.

On August 11, 2016, the Court granted Defendants' motion in part and requested additional briefing. Dkt. 34. On August 12, 2016, Nissen filed a motion for reconsideration. Dkt. 31. On August 18, 2016, the Court denied Nissen's motion. Dkt. 33.

On August 22, 2016, Nissen filed a supplemental response. Dkt. 34. On August 26, 2016, Defendants filed a supplemental reply. Dkt. 35. On January 2, 2017, the Court

granted Defendants' motion in part and requested additional briefing on Nissen's state law claims.  Dkt. 37.

On January 20, 2017, Nissen filed a supplemental response and a motion for leave to amend her complaint.  Dkts. 38, 39.  On January 27, 2017, Defendants filed a supplemental brief.  Dkt. 40.  On February 1, 2017, Defendants notified the Clerk that the Court should disregard the supplemental brief and that Defendants would file a corrected document.  Dkt. 41.  On February 9, 2017, Defendants responded to Nissen's motion for leave.  Dkt. 42.  On February 14, 2017, Nissen replied.  Dkt. 43.

## II. DISCUSSION

### A. Motion to Dismiss

Defendants argue that "[b]ecause [Nissen] failed to interpose additional briefing on the state law claims, as ordered by the Court, Defendants ask that the Court grant dismissal based on the briefing to date."  Dkt. 40 at 2.  The Court agrees with Defendants that failure to file a brief in opposition may be construed as an admission that the motion has merit.  Local Rules, W.D. Wash. LCR 7(b)(2).  Moreover, Nissen concedes that at least some of her claims were without merit because "she has reduced the number of her" state law claims in her proposed amended complaint.  Dkt. 39 at 3.  Therefore, based on the briefing, lack thereof, and the remaining record, the Court grants the remainder of Defendants' motion to dismiss and dismisses Nissen's state law claims without prejudice.

**B.     Motion For Leave to Amend**

At this point of the proceeding, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

In this case, Nissen seeks leave to amend her complaint on numerous issues. Dkt. 39 at 3. Defendants identify numerous potential problems with the proposed complaint. Dkt. 43. Even if correct, these problems are beyond the scope of a motion to amend. The Court should grant leave when justice requires, and the Court has dismissed the majority of Nissen's claims without prejudice and with leave to amend. Accordingly, allowing amendment is warranted. Nissen, however, is forewarned that Rule 8(a)(2) may be violated by a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 25) is **GRANTED in part** as to Nissen's state law claims and Nissen's motion for leave to amend (Dkt. 39) is **GRANTED**. Nissen shall file an amended complaint as a separate document on the electronic docket no later than March 17, 2017.

Dated this 13th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge