UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GLENDA NISSEN,

          Plaintiff,

v.

MARK LINDQUIST, et al.,

          Defendants.

CASE NO. C16-5093 BHS

ORDER DENYING DEFENDANTS' MOTION TO STAY

      This matter comes before the Court on Defendants Mark Lindquist, Mark and Chelsea Lindquist, and Pierce County's ("Defendants") motion to stay (Dkt. 66).

      On January 18, 2018, the Court granted in part and denied in part Defendants' motion to dismiss. Dkt. 59. On January 25, 2018, Defendants appealed the Court's denial of their immunity defenses. Dkt. 60. On January 25, 2018, Defendants filed a motion to stay this proceeding pending appeal. Dkt. 62. On January 31, 2018, Plaintiff Glenda Nissen ("Nissen") responded. Dkt. 66. On February 2, 2018, Defendants replied. Dkt. 68.

      An official may immediately appeal the Court's denial of immunities based on legal questions. *A. K. H by & through Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016). This type of interlocutory appeal "divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (citation omitted). The district court, however, is deprived of jurisidiciton only "over the particular issues involved in that appeal." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001). In other words, the district court "still has

jurisdiction over aspects of the case that are not the subject of the appeal." *Castro v. Melchor*, 760 F. Supp. 2d 970, 1003 (D. Hawaii 2010) (citations omitted).

When considering a motion to stay other aspects of the case pending appeal, a district court must examine four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted).

In this case, Defendants have failed to show that a stay is warranted. The Court concluded that Nissen has asserted at least one allegation that supports each of her claims despite the existence of immunity defenses. Thus, even if Defendants succeed in showing that some allegations are barred by immunity, they will not succeed in showing that all of Nissen's allegations are barred by either absolute or qualified immunity. Moreover, Nissen will be prejudiced if the Court stays all of her claims while Defendants appeal the issue of whether immunity applies to certain parts of her claims. Therefore, the Court **DENIES** Defendants' motion.

**IT IS SO ORDERED**.

Dated this 27th day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge